IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CECELIA M. SWEENEY, Administratrix of the Estate of WILLIAM B. SWEENEY, Deceased<br>    v.<br><br>LOUISVILLE LADDER, INC. and CITY OF PHILADELPHIA | CIVIL ACTION<br><br><br><br><br><br>NO. |

## NOTICE OF REMOVAL

Defendant, Louisville Ladder Inc. (hereinafter "Louisville Ladder"), by and through its attorneys, Sweeney & Sheehan, P.C., hereby moves this Court for removal and, in support thereof, states the following reasons:

1. A civil action seeking to recover monetary damages was commenced by Plaintiff, Cecelia M. Sweeney, Administratrix of the Estate of William B. Sweeney, Deceased against Louisville Ladder and the City of Philadelphia by filing a Writ of Summons in the Court of Common Pleas of Philadelphia County, a July Term, 2013, No.: 4737 on August 1, 2013. A true and correct copy of Plaintiff's Writ of Summons is attached hereto as Exhibit "A."

2. Plaintiff's Complaint was filed on October 25, 2013, and was served on Louisville Ladder that same date. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "B."

3. This is a personal injury product liability action brought by Plaintiff for injuries sustained by William Sweeney while using a ladder designed, manufactured and sold by Louisville Ladder in the course and scope of his employment for the City of Philadelphia. Exhibit "B," ¶¶ 8-10, 16-18.

4. On November 1, 2013, Plaintiff filed a Praecipe to Discontinue Action as to Defendant, City of Philadelphia pursuant to Rule 229(2). A true and correct copy of Plaintiff's Praecipe to Discontinue is attached hereto as Exhibit "C."

5. This Notice of Removal is being filed within thirty (30) days of the date Louisville Ladder received copy of a paper from which it first ascertained that the case was one that has become removable, in accordance with 28 U.S.C. §1446(b)(3), and is being filed within one year after commencement of the action pursuant to 28 U.S.C. §1446(c)(1).

6. This action involves a controversy over which this Court would have original jurisdiction in that it is a controversy between citizens of different states.

7. Plaintiff, Cecelia M. Sweeney, Administratrix of the Estate of William B. Sweeney, Deceased, is an individual citizen and resident of the Commonwealth of Pennsylvania, residing therein, at 1412 Deal Street, Philadelphia, PA 19124. See Exhibit "B," ¶4.

8. Defendant, Louisville Ladder, is a corporate entity organized and existing under the laws of the State of Delaware with a principal place of business at 7765, Unit 190, Louisville, Kentucky 40214.[1]

9. The citizenship of the City of Philadelphia is disregarded for removal purposes in light of the dismissal of the City of Philadelphia as a Defendant via Praecipe filed on November 1, 2013. See Exhibit "C."

10. As the employer of William Sweeney, who was injured in the course and scope of his employment, the City of Philadelphia is immune from suit pursuant to 77 Pa.C.S. §481(a). *Kosowan v. MDC Industries, Inc.*, 319 Pa. Super. 91, 465 A.2d 1069 (1983). Accordingly, the

---

[1] Although Plaintiff's Complaint correctly states the principle place of business of Louisville Ladder, Inc., the Complaint erroneously alleges that Louisville Ladder is a Kentucky corporation. Exhibit "B," ¶2.

City of Philadelphia was fraudulently joined as an original defendant and its citizenship is disregarded for removal purposes even if it had not been voluntarily dismissed. *Yellen v. Teledne Continental Motors, Inc.*, 832 F.Supp.2d 490 (2011).

11. Plaintiff's Complaint avers that as a result of the incident giving rise to her Complaint, William B. Sweeney sustained a "vertex skull fracture crossing sagittal sinus, bifrontal contusion and diffuse and severe brain swelling with bilateral acute subdural hematoma." Exhibit "A," ¶21.

12. Plaintiff's Complaint further alleges that as a result of these injuries, Mr. Sweeney was taken to the operating room where he underwent a decompressive craniectomy and evacuation of the subdural hematoma and that despite medical care rendered to him, he "died on August 15, 2012, after suffering from conscious pain and suffering, as a result of the catastrophic injuries he sustained from falling from the subject ladder." Exhibit "B," ¶¶22-28.

13. According to Plaintiff's Complaint and upon information and belief, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

14. By reason of the amount in controversy and the complete diversity of citizenship between the Plaintiff and the remaining Defendant, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. §1332(a).

15. Accordingly, this action is removable from the Court of Common Pleas of Philadelphia County, Pennsylvania to this Court pursuant to 28 U.S.C. §1332(a) and §1441(a).

16. The United States District Court for the Eastern District of Pennsylvania embraces the county in which the state court action is now pending, namely, Philadelphia County, and thus this Court is a proper venue for this action pursuant to 28 U.S.C. §118(a).

17. If any questions should arise as to the propriety of the removal of this action, Louisville Ladder requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removed.

18. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of the rights of Louisville Ladder, Inc. to assert any defense or affirmative matter, including, without limitation, the defenses of (1) lack of jurisdiction over the person, (2) improper venue, (3) insufficiency of process, (4) insufficiency of service of process, (5) improper joinder of claims and/or parties, (6) failure to state a claim upon which relief can be granted, (7) failure to join an indispensable party or (8) any other procedural or substantive defense available under the laws of the Commonwealth of Pennsylvania or the laws of the United States of America.

19. Louisville Ladder has given written notice of the filing of this Notice of Removal to counsel for the Plaintiff and have filed a copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

**WHEREFORE**, Defendant, Louisville Ladder Inc., requests that the Court of Common Pleas of Philadelphia County action captioned as aforesaid be removed from that Court to the United States District Court in and for the Eastern District of Pennsylvania for trial and determination of all issues for the reasons stated above.

**SWEENEY & SHEEHAN**

By: /s/ J. Michael Kunsch
J. Michael Kunsch
Identification No. PA 61922
1515 Market Street, Suite 1900
Philadelphia, Pennsylvania 19102
Telephone (215) 563-9811
Facsimile 215.557.0999
michael.kunsch@sweeneyfirm.com
Attorney for Defendant,
Louisville Ladder Inc.

DATE: November 22, 2013