# Exhibit "B"

Francis T. Colleran, Esquire
Atty ID No. 65821
Denine Marie Moscariello, Esquire
Atty ID No. 90192
THE COLLERAN FIRM
One Commerce Square, Suite 1940
2005 Market Street
Philadelphia, Pennsylvania 19103
215-972-8000
215-972-8042 (fax)
Counsel for Plaintiff



| | |
|---|---|
| CECELIA M. SWEENEY, Administratrix of the Estate of WILLIAM B. SWEENEY, Deceased<br>1412 Deal Street<br>Philadelphia, Pennsylvania 19124<br><br>v.<br><br>LOUISVILLE LADDER, INC.<br>7765 National Turnpike, Unit 190<br>Louisville, Kentucky 45214<br><br>and<br><br>CITY OF PHILADELPHIA<br>1515 Arch Street<br>Philadelphia, Pennsylvania 19102 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>CIVIL ACTION - MEDICAL PROFESSIONAL LIABILITY ACTION<br><br>JULY, 2013<br><br>NO. 04737 |

**"NOTICE"**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CAN NOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA COUNTY BAR ASSOCIATION
LAWYER REFERRAL & INFORMATION SERVICE
1101 Market Street, 11th Floor
Philadelphia, PA 19107
Telephone: 215-238-6300

**"AVISO"**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos iportantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE PHILADELPHIA
SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
1101 Market Street, 11th Floor
Philadelphia, PA 19107
Teléfono: 215-238-6300

Case ID: 130704737

## COMPLAINT

1. Plaintiff Cecelia M. Sweeney, Administratrix of the Estate of William B. Sweeney, Deceased, is an individual citizen and resident of the Commonwealth of Pennsylvania residing therein at 1412 Deal Street, Philadelphia, Pennsylvania 19124. Plaintiff brings this claim in a representative capacity and on behalf of all of the entitled beneficiaries to the Estate of William B. Sweeney, Deceased. Plaintiff brings these claims for recovery of all monetary damages available under the Pennsylvania Wrongful Death Act and the Pennsylvania Survival Act and on behalf of all of the entitled beneficiaries to the Estate of William B. Sweeney, Deceased.

2. Defendant Louisville Ladder, Inc., is a Kentucky corporation located at 7765 National Turnpike, Unit 190, Louisville, Kentucky 45214, registered to do business in the Commonwealth of Pennsylvania and doing business in the Commonwealth of Pennsylvania.

3. Defendant Louisville Ladder, Inc., regularly conducts business within the Commonwealth of Pennsylvania and within Philadelphia County.

4. Defendant Louisville Ladder, Inc., has taken and presently takes advantage of the entire Philadelphia County infrastructure in order to sell its products to consumers within Philadelphia County.

5. Defendant Louisville Ladder, Inc., advertises and/or otherwise promotes its business in Philadelphia County.

6. Defendant Louisville Ladder, Inc., acted individually and by and through its employees, servants and agents, in connection with the design, manufacture, sale, distribution and repair of the subject ladder.

7. At all times material hereto, Defendant acted in its individual and corporate capacity, and, by and through its agents, employees and servants.

8. Defendant Louisville Ladder, Inc., designed, manufactured, distributed and sold the subject ladder.

9. Decedent's employer, The City of Philadelphia, purchased the subject ladder from Defendant Louisville Ladder, Inc., to be utilized by its employees.

10. Decedent became injured, and subsequently died from these injuries, when the subject ladder became unstable and fell sideways, after it had been placed into the stream of commerce by Defendant. There was no substantial change in the condition of the subject ladder from the date of its initial sale until the time of the accident.

11. The subject ladder, which Decedent utilized on August 11, 2012, failed to have any safety writings or warnings affixed to it regarding proper and appropriate use.

12. The subject ladder failed to comply with standards mandated by the Occupational Safety and Health Administration.

13. The subject ladder failed to comply with standards mandated by the American National Standards Institute.

14. The subject ladder was defective, faulty and improperly manufactured, and as a result, caused Decedent's injuries and death.

15. The manner in which Defendant designed, manufactured, assembled, distributed and sold the subject ladder was done so without consideration for the safety and well-being of individuals, such as Decedent, who would utilize said ladder.

16. On August 11, 2012, Decedent William B. Sweeney, was utilizing a rolling steel

warehouse ladder/mobile ladder stand, which was designed, manufactured, distributed and sold by Defendant Louisville Ladder, Inc., while performing customary duties of his employment.

17. Based upon information, knowledge and belief, on August 11, 2012, at approximately 1:00 p.m., while utilizing and concisus on the subject ladder, at 100 East Hunting Park Avenue, Philadelphia, Pennsylvania, the subject ladder fell down to the right, and then struck the floor.

18. As the subject ladder fell to the right, Decedent screamed out for help and assistance, as his body and head struck the concrete floor.

19. Decedent experienced consciousness pain and suffering as a result of this fall and the injuries sustained.

20. Following Decedent's fall, the subject ladder was observed to be missing nuts and bolts.

21. Decedent was transported emergently to Temple University Hospital where neuroimaging revealed a vertex skull fracture crossing sagittal sinus, bifrontal contusion and diffuse and severe brain swelling with bilateral acute subdural hematoma.

22. Decedent was urgently taken to the operating room where he underwent left a fronto temporoparietal decompressive craniectomy and evacuation of the subdural hematoma.

23. Healthcare providers placed a ventriculostomy during surgery.

24. Post-operatively, Decedent was transferred to the neurosurgical intensive care unit on life-support machinery.

25. Despite efforts from the Temple University Hospital personnel, neuroimaging performed six hours post-operatively revealed extension of a left frontal contusion and a right frontal hemorrhage.

Case ID: 130704737

26. Post-operatively, Decedent's intracranial pressure rose to 20 and he was returned to the operating room, where he underwent a right frontotemporoparietal decompressive craniectomy and hematoma evacuation.

27. Decedent was subsequently returned to the neurosurgical intensive care unit where he required increasing life support measures.

28. Despite heroic measures by healthcare providers, Decedent died on August 15, 2012, after suffering from conscious pain and suffering, as a result of the catastrophic injuries he sustained from falling from the subject ladder.

29. Decedent's fall was the direct result of the defective and negligent manner in which Defendant designed, manufactured, distributed and sold the subject ladder.

30. At all times material hereby, Decedent was acting reasonably, prudently and with due care for his own safety and was not contributorily or comparatively negligent.

31. Decedent's injuries, pain and suffering and death, were the direct proximate result of Defendant's negligent, careless and reckless acts and omissions in the design, manufacturing and distribution and selling of the subject ladder.

### COUNT I - STRICT LIABILITY
### Restatement (Second) Torts §402A
### Cecelia M. Sweeney, Administratrix of the Estate of
### William B. Sweeney, Deceased v. Louisville Ladder, Inc.

32. Plaintiff incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth at length herein.

33. Defendant Louisville Ladder, Inc., designed, manufactured, distributed and sold the subject ladder in the normal and routine course of business.

Case ID: 130704737

34. The subject ladder was unreasonably dangerous and defective at the time Defendant placed it into the stream of commerce, and was put to its reasonably anticipated use by Decedent, without Decedent's knowledge of its defective and dangerous characteristics.

35. At the time it left the control of Defendant Louisville Ladder, Inc., the subject ladder lacked an element, or elements, necessary to make it safe for its intended use and/or contained a condition, or conditions, that made it unreasonably dangerous and unsafe for its intended use.

36. At the time the subject ladder left Defendant's control, the subject ladder was defective as that term is defined by Restatement (Second) of Torts § 402A, and by the law of strict products liability as adopted by the Commonwealth of Pennsylvania, inter alia, in the following particular respects:

    a. the subject ladder lacked those safety elements and devices necessary to prevent the subject accident;

    b. the subject ladder lacked instructions for use and/or warnings regarding the use, operation and/or limitations of the subject ladder;

    c. the subject ladder was designed and manufactured without safety mechanisms to prevent it from falling while an individual, such as Decedent, is utilizing it;

    d. the subject ladder was designed and manufactured without safety mechanisms to prevent shifting of parts during customary use;

    e. the "back leg" of the subject ladder was designed and manufactured without a safety mechanism to ensure proper fastening;

    f. the subject ladder was designed and manufactured without safety mechanisms to ensure that the "back legs" would be properly secured;

    g. the subject ladder was designed and manufactured without safety mechanisms to prevent use in the event the "back legs" are unsecured;

    i. the subject ladder was designed and manufactured without safety mechanisms

Case ID: 130704737

to prevent the "back legs" from slipping off the lip of the supporting carriage;

j. the subject ladder was designed and manufactured without safety mechanisms to prevent a downward shift from causing subject ladder to twist/shift with the opposite side lifting;

k. the subject ladder was designed, devised and manufactured without a means to guard individuals, such as Decedent, from potential existing hazardous conditions;

l. the subject ladder was designed, devised, manufactured, distributed and sold the subject ladder without warnings to individuals, such as Decedent, of the hazards presented by using said ladder;

m. the subject ladder was designed, devised, manufactured, distributed and sold without means to ensure that the carriage captures the bottom of the back legs, to provide proper support;

n. the subject ladder was designed, devised, manufactured, distributed and sold without means to ensure that the carriage captures the bottom of the back leg, to prevent collapse;

o. the subject ladder was designed, devised, manufactured, distributed and sold with a bolted connection, which are prone to loosening and falling out;

p. the subject ladder was designed, devised, manufactured, distributed and sold without the utilization of permanent fastening method;

q. the subject ladder was designed, devised, manufactured, distributed and sold without a means to prevent lower back leg fastener failure;

r. the subject ladder was designed, devised, manufactured, distributed and sold without a safety mechanism to prevent collapse in the event the lower back leg fasteners failed;

s. the subject ladder was designed, devised, manufactured, distributed and sold with bolted connections, which are prone to loosening and falling out;

t. the subject ladder was designed, devised, manufactured, distributed and sold despite noncompliance with Occupational Safety and Health Administration standards; and

u. the subject ladder was designed, devised, manufactured, distributed and sold

Case ID: 130704737

despite noncompliance with American National Standards Institute standards.

37. Defendant Louisville Ladder, Inc., did not provide, in a manner reasonable expected to reach foreseeable users of its product, an adequate warning of the dangers which were known to, or should have been known by Defendants, which were inherent in the subject ladder.

38. The subject ladder was used in a manner which had been expected by and/or reasonably anticipated by Defendant.

39. Decedent was injured and subsequently died, as set forth in this Complaint, as a direct and proximate result of the defective conditions of the subject ladder.

**WHEREFORE,** Plaintiff respectfully requests judgment in her favor and against Defendant, and claims compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00), exclusive of interests and costs, and an award of punitive damages in excess of fifty thousand dollars ($50,000.00, as well as prejudgment interest, post judgment interest, delay damages and costs.

## COUNT II - NEGLIGENCE
### Cecelia M. Sweeney, Administratrix of the Estate of
### William B. Sweeney, Deceased v. Louisville Ladder, Inc.

40. Plaintiff incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth at length herein.

41. Defendant Louisville Ladder, Inc., designed, manufactured, distributed and sold the subject ladder.

42. Defendant Louisville Ladder, Inc., failed to use reasonable care in connection with the design, manufacture and sale of the subject ladder.

43. The negligence, careless and recklessness of Defendant Louisville Ladder, Inc., consisted of the following:

-8-

a. failing to design, devise and manufacture the subject ladder to prevent the subject accident;

b. failing to design the subject ladder in accordance with government standards;

c. failing to properly test or otherwise evaluate the subject ladder's fastening mechanism;

d. failing to conduct a reasonable investigation in response to field reports, repair records, government investigations and/or warranty histories which revealed and/or should have revealed dangers associated with the design of the subject ladder and its associated fastening mechanism;

e. failing to conduct a reasonable investigation in response to field reports, repair records, government investigations and/or warranty histories which revealed and/or should have revealed dangers associated with the design of the subject ladder without permanent fastening mechanisms;

f. failing to make changes to the design of the subject ladder and its associated fastening mechanism in response to information which revealed and/or should have revealed dangers associated with the fastening mechanisms;

g. failing to assess or evaluate the quality of component parts supplied by outside vendors which were incorporated into the subject ladder;

h. failing to maintain adequate records regarding accident histories, repair histories or warranty histories concerning the subject ladder;

i. failing to take steps reasonably necessary to alert users of the subject ladder of dangers or risks which were known to and/or should have been known to Defendant regarding the subject ladder's hazardous design;

j. failing to provide adequate warning and/or instructions for use of the subject ladder;

k. failing to design, devise and manufacture the subject ladder with mechanical safeguards to prevent it from collapsing while being utilized by an individual such as Decedent;

l. failing to take steps to inform foreseeable users of the risks of harm that were known to Defendant or to otherwise inform its dealers and repair facilities of said risks;

Case ID: 130704737

m. recklessly subjecting foreseeable users of it product to a risk of injury that was appreciated by Defendant and which Defendant knew would not be appreciated by the users of the product;

n. failing to provide instructions for use and/or warnings regarding the use, operation and/or limitations of the subject ladder;

o. failing to design and manufacture subject ladder with safety mechanisms to prevent it from falling while an individual, such as Decedent, is utilizing it;

p. failing to design and manufacture the subject ladder with safety mechanisms to prevent shifting of parts during customary use;

q. failing to design and manufacture the "back leg" of the subject ladder with a safety mechanism to ensure proper fastening;

r. failing to design and manufacturer the subject ladder with safety mechanisms to ensure that the "back legs" would be properly secured;

s. failing to design and manufacture the subject ladder with safety mechanisms to prevent use in the event the "back legs" are unsecured;

t. failing to design and manufacture the subject ladder with safety mechanisms to prevent the "back legs" from slipping off the lip of the supporting carriage;

u. failing to design and manufacture the subject ladder with safety mechanisms to prevent a downward shift from causing subject ladder to twist/shift causing the opposite side to lift off the floor;

v. failing to design and manufacture the subject ladder with a means to guard individuals, such as Decedent, from potential existing hazardous conditions;

w. failing to design, manufacture, distribute and sell the subject ladder with warnings to individuals, such as Decedent, of the hazards presented by using said ladder;

x. failing to design, manufacture, distribute and sell the subject ladder with means to ensure that the carriage captured the bottom of the back legs, to provide proper support;

y. failing to design, manufacture, distribute and sell the subject ladder with means to ensure that the carriage captures the bottom of the back leg, to prevent collapse;

-10-

  z. failing to design, manufacturer, distribute and sell the subject ladder with a a bolted connection

  aa. failing to design and manufacture said subject ladder to include a permanent fastening method;

  bb. failing to design and manufacture said subject ladder with a means to prevent lower back leg fastener failure;

  cc. failing to design and manufacturer the subject ladder with a safety mechanism to prevent collapse in the event the lower back leg fasteners failed;

  dd. failing to design and manufacturer the subject ladder with bolted connections;

  ee. failing to design and manufacture the subject ladder in compliance with Occupational Safety and Health Administration standards;

  ff. failing to design and manufacture the subject ladder in compliance with American National Standards Institute standards.

44. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendant Louisville Ladder, Inc., Decedent suffered significant injuries which are set forth in this Complaint.

45. Defendant Louisville Ladder, Inc., knew or should have known that the subject ladder was unsafe, and by selling the subject ladder in such a condition, demonstrated willful, wanton and reckless disregard for human life, entitling Plaintiff to an award of punitive of punitive damages; did not provide, in a manner reasonable expected to reach foreseeable users of its product, an adequate warning of the dangers which were known to, or should have been known by Defendants, which were inherent in the subject ladder.

**WHEREFORE,** Plaintiff respectfully requests judgment in her favor and against Defendant, and claims compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00), exclusive of interests and costs, and an award of punitive damages in excess of fifty thousand dollars

Case ID: 130704737

($50,000.00), as well as prejudgment interest, post judgment interest, delay damages and costs.

## COUNT III - BREACH OF WARRANTIES
### Cecelia M. Sweeney, Administratrix of the Estate of William B. Sweeney, Deceased v. Louisville Ladder, Inc.

46. Plaintiff incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth at length herein.

47. By designing, manufacturing, promoting, selling, supplying, delivering and assembling the subject ladder, and/or its component parts, Defendant Louisville Ladder, Inc., expressly and impliedly, warranted that the aforementioned ladder was merchantable, fit and safe for the ordinary and particular purposes for which it was sold, and that it was free from all defects.

48. Defendant Louisville Ladder, Inc., is a "merchant" with respect to ladders such as the subject ladder, as that term is defined by 13 Pa.C.S.A. §2314.

49. Defendant Louisville Ladder, Inc., breached these express and implied warranties by designing, manufacturing, promoting, selling, supplying, delivering and assembling the subject ladder and/or its component parts in an unsafe and unfit condition, as follows:

    a. the subject ladder's design produced an unreasonably unsafe structure for its intended use;

    b. the subject ladder's design produced an unreasonably unsafe structure for a user of the subject ladder given the reasonable anticipated use;

    c. the subject ladder's fixation mechanism design was inadequate to secure the carriage;

    d. the subject ladder was designed without permanent fixation mechanisms for moving parts;

    e. the subject ladder was designed with nuts and bolts, which are prone to become loose and fall out;

Case ID: 130704737

f.  the subject ladder lacked instructions for use and/or warnings regarding the use, operation and/or limitations of the subject ladder while being utilized;

g.  the subject ladder was designed and manufactured with risks which were known to and/or should have been known to Defendant regarding the subject ladder's hazardous design;

h.  the subject ladder was designed and manufactured without safety mechanisms to prevent it from falling while an individual, such as Decedent, is utilizing it;

i.  the subject ladder was designed and manufactured without safety mechanisms to prevent shifting of parts during customary use;

j.  the subject ladder was designed and manufactured without a proper fastening mechanism of the "back leg";

k.  the subject ladder was designed and manufactured without safety mechanisms to ensure that the "back legs" would be properly secured;

l.  the subject ladder was designed and manufactured without safety mechanisms to prevent use in the event the "back legs" are unsecured;

m.  the subject ladder was designed and manufactured without safety mechanisms to prevent the "back legs" from slipping off the lip of the supporting carriage;

n.  the subject ladder was designed and manufactured without safety mechanisms to prevent a downward shift from causing subject ladder to twist/shift causing the opposite side to lift off the floor;

o.  the subject ladder was designed and manufactured with no means to guard individuals, such as Decedent, from potential existing hazardous conditions;

p.  the subject ladder was designed and manufactured without warnings to individuals, such as Decedent, of the hazards presented by using said ladder;

q.  the subject ladder was designed and manufactured without mechanisms to ensure that the carriage captured the bottom of the back legs, to provide proper support;

r.  the subject ladder was designed and manufactured without mechanisms to ensure that the carriage captures the bottom of the back leg, as to prevent collapse;

-13-

s. the subject ladder was designed and manufactured without a bolted connection;

t. the subject ladder was designed and manufactured without utilization of a permanent fastening method;

u. the subject ladder was designed and manufactured without a safety mechanism to prevent lower back leg fastener failure;

v. the subject ladder was designed and manufactured without a safety mechanism to prevent collapse in the event the lower back leg fasteners failed; and

x. the subject ladder was not designed and manufactured to incorporate bolted connections.

50. Decedent's fall from the subject ladder, conscious pain and suffering and death, were the proximate result of the breach of warranties of Defendant Louisville Ladder, Inc.

51. Decedent was a user and consumer of Defendant's unsafe and unfit product, and his Estate is within the class of persons entitled under Pennsylvania law to maintain a claim for personal injuries arising out Defendant's breach of said warranties.

**WHEREFORE,** Plaintiff respectfully requests judgment in her favor and against Defendant, and claims compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00), exclusive of interests and costs, and an award of punitive damages in excess of fifty thousand dollars ($50,000.00), as well as prejudgment interest, post judgment interest, delay damages and costs.

### COUNT IV - WRONGFUL DEATH ACT
### Cecelia M. Sweeney, Administratrix of the Estate of
### William B. Sweeney, Deceased v. Louisville Ladder, Inc.

52. Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as if each were set forth fully herein.

53. Plaintiff brings this Wrongful Death Action seeking damages herein allowed under

the laws of the Commonwealth of Pennsylvania on behalf of the survivor of Decedent William B. Sweeney, under and by virtue of the acts of April 15, 1951, P.L. 669 Section 19; April 26, 1855, P.L. 309 Sections 1 and 2; June 7, 1911, P.L. 678 Section 1; May 13, 1927, P.L. 992 Sections 1 and 12 P.S. Sections 1601, 1604; and Pa.R.C.P. §2202(a). Plaintiff is seeking all damages allowed by the laws of the Commonwealth of Pennsylvania under the Wrongful Death Act pursuant to 42 Pa. C.S.A. §8301(a), as amended July 6, 1995, P.L. 309, No. 46 Sec. 1.

54. Decedent William B. Sweeney, left surviving the following individuals entitled to recover for his death and on whose behalf this action is brought:

> Cecelia Sweeney (wife)
>
> Lynn Sweeney (daughter)
>
> Jessica Sweeney (daughter)
>
> Vanessa Edson (daughter)

**WHEREFORE,** Plaintiff respectfully requests judgment in her favor and against Defendant, and claims compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00), exclusive of interests and costs, and an award of punitive damages in excess of fifty thousand dollars ($50,000.00), as well as prejudgment interest, post judgment interest, delay damages and costs.

**COUNT V - SURVIVAL ACT**
**Cecelia M. Sweeney, Administratrix of the Estate of**
**William B. Sweeney, Deceased v. Louisville Ladder, Inc.**

55. Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as if each were set forth fully herein.

56. Plaintiff brings this action under and by virtue of the Act of 1972, June 30, P.D. 508 No. 162 Section 2 (20 P.A.C.S. Section 3373), and pursuant to 42 Pa. C.S.A. Sec. 8302 claiming damages under the Pennsylvania Survival Act.

57. Plaintiff claims as damages the value of decedent, William Sweeney's prospective

Case ID: 130704737

earnings for the period of his life expectancy less anticipated maintenance and expenses together with other items of damages recoverable in this action.

58.     Plaintiff requests and claims as damages in this case all of the elements of damages legally recoverable under the Pennsylvania Survival Act.

**WHEREFORE,** Plaintiff respectfully requests judgment in her favor and against Defendant, and claims compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00), exclusive of interests and costs, and an award of punitive damages in excess of fifty thousand dollars ($50,000.00), as well as prejudgment interest, post judgment interest, delay damages and costs.

**THE COLLERAN FIRM**

BY: _____
FRANCIS T. COLLERAN, ESQUIRE
DENINE MARIE MOSCARIELLO, ESQUIRE
Counsel for Plaintiff

Case ID: 130704737

## VERIFICATION

I, Cecelia Sweeney, am the plaintiff in this action and verify that the facts contained in the Complaint are true and correct to the best of my knowledge, information, and belief. This verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications to authorities.

*Cecelia Sweeney*
Cecelia Sweeney