IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CECILIA M. SWEENEY, Administratrix of the Estate of William B. Sweeney, deceased,**<br>        **Plaintiff,**<br><br>        v.<br><br>**LOUISVILLE LADDER, INC.,**<br>        **Defendant.** | **CIVIL ACTION**<br><br><br><br><br><br><br>**NO. 13-6806** |

### MEMORANDUM OF LAW RE DEFENDANT'S MOTION TO DISMISS

**Baylson, J.**                                                                                                    **February 6, 2014**

### I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

This is a products liability action arising from a ladder accident in which an employee of the City of Philadelphia fell from a ladder and died from his injuries. The employee's estate has filed suit against the ladder manufacturer, Louisville Ladder, Inc., asserting various claims based on the allegation that that decedent's fall resulted from Defendant's defective and negligent design, manufacture, and distribution of the ladder. Plaintiff's complaint requests compensatory and punitive damages. Defendant now moves to dismiss Plaintiff's punitive damages claims under Rule 12(b)(6), but does not challenge the remainder of the complaint. D.E. 3.

Plaintiff alleges in the complaint that the ladder (1) lacked any safety writings or warnings affixed to it regarding its appropriate use, D.E. 3-4 ¶ 11; (2) failed to comply with standards mandated by the Occupational Safety and Health Administration and the American National Standards Institute, D.E. 3-4 ¶¶ 12, 13; (3) was observed to be missing nuts and bolts following decedent's fall, D.E. 3-4 ¶ 20; and (4) was designed and manufactured without a litany

of safety mechanisms necessary to prevent the kind of accident suffered by the decedent, D.E. 3-4 ¶43 (a-ff).  Plaintiff finally alleges that Defendant knew or should have known that the ladder was unsafe, and by selling the ladder "demonstrated willful, wanton and reckless disregard for human life, entitling Plaintiff to an award of punitive damages."  D.E. 3-4 ¶ 45.

Under Pennsylvania law, punitive damages may be imposed only if a defendant's conduct is "outrageous due to either the defendant's evil motive or reckless indifference to the rights of others."  *Phillips v. Cricket Lighters*, 584 Pa. 179, 188 (2005).  A request for punitive damages must be supported by factual allegations—conclusory statements that the conduct of a defendant was willful, wanton, and reckless are insufficient.  *See McDaniel v. Merck. Sharp & Dohme*, 367 533 A.2d 436, 447-48 (Pa. Super. 1987) ("Appellant failed to allege any facts in its complaint against defendant . . . other than those which would constitute ordinary negligence.").

Here, the complaint alleges a litany of actions and failures to act on the part of Defendant, which must be accepted as true on a Rule 12(b)(6) motion.  The complaint also avers that this conduct was done with recklessness and malice.  Viewed as a whole in the light most favorable to Plaintiff, these factual allegations are sufficient to plead a claim for punitive damages, but Defendant will have a further opportunity to renew its punitive damages contentions at the close of discovery.

An appropriate order follows.